**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-2006

DREAMWORKS MOTORSPORTS, INC.,

Plaintiff - Appellee,

v.

JONATHAN KLEIN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:24-cv-00008-TDS-JEP)

Submitted:  February 2, 2026                    Decided:  March 26, 2026

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  H. Christopher Bartolomucci, Justin A. Miller, SCHAERR | JAFFE LLP, Washington, D.C., for Appellant. Robert G. McIver, HIGGINS BENJAMIN PLLC, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On August 11, 2022, Dreamworks Motorsports, Inc. ("Dreamworks"), filed a civil complaint in North Carolina state court against Jonathan Klein, a Maryland citizen, alleging breach of contract, action on an open account, and unjust enrichment or quasi-contract. Dreamworks sought the unpaid amount of $19,663.57, plus interest and costs, for repairs Dreamworks made to Klein's automobile. On June 12, 2023—approximately two months before the expiration of the one-year statutory deadline to remove cases based in diversity—Dreamworks moved to amend its complaint to include an unfair trade practice claim under North Carolina law and requested treble damages, amounting to $58,990.71, as part of the unfair trade practice claim. Dreamworks set the motion to amend for hearing on July 17, 2023, but Klein's counsel, George Daniel, informed Dreamworks's counsel that Daniel had "secure leave" for the week of July 17, 2023. As a result, Daniel continued the hearing on the motion to amend to November 27, 2023, more than three months after the expiration of the one-year statutory deadline to remove cases based on diversity jurisdiction. At this hearing, the state court granted Dreamworks's motion to amend its complaint and ordered Klein to answer the amended complaint within 30 days.

Instead of filing an answer, on January 4, 2024, Klein filed a notice of removal in the district court for the Middle District of North Carolina asserting jurisdiction based on diversity of citizenship and alleging that Dreamworks acted in bad faith in delaying amendment of the complaint to prevent removal before the one-year statutory deadline. Dreamworks filed a motion to remand and moved to assess just costs and expenses,

2

including attorney's fees, incurred as a result of removal. The district court remanded the case to state court because Klein removed the case after the one-year statutory deadline passed, awarded Dreamworks costs and actual expenses, including attorney's fees, and directed the parties to reach an agreement regarding the award order. When the parties did not reach an agreement, Dreamworks filed an application for actual attorney's fees in the amount of $16,020. Although Klein opposed the application, the district court granted in part Dreamworks's application for costs and expenses, including actual attorney's fees, and awarded Dreamworks $13,170, the amount it found Dreamworks incurred as a result of Klein's improper removal of the state action to federal court.

On appeal, Klein argues that the district court erred in awarding attorney's fees under 28 U.S.C. § 1447(c) because Klein had an objectively reasonable basis for seeking removal, he was denied an opportunity to respond to certain of Dreamworks's arguments, and the attorney's fee award was excessive. In response, Dreamworks argues that Klein's appellate arguments lack merit and requests sanctions against him pursuant to Fed. R. App. P. 38 for filing a frivolous appeal. Finding no abuse of discretion in either the court's decision to award fees incurred by Dreamworks as a result of the removal or in the amount of the award, we affirm the district court's orders awarding attorney's fees. We deny, however, Dreamworks's request for sanctions.[*]

---

[*] Before Klein filed his opening brief, Dreamworks moved to dismiss his appeal of the district court's order remanding the case to state court for lack of appellate jurisdiction. We granted Dreamworks's motion to dismiss as to the remand order, concluding that we lacked jurisdiction over the remand order under 28 U.S.C. § 1447(d). We concluded, (Continued)

3

Klein argues that the district court based its order awarding Dreamworks attorney's fees on two legal errors. First, Klein contends that the court erred in finding that he lacked an objectively reasonable basis for removal because, he argues, there is no Fourth Circuit standard for determining an objectively reasonable basis. Second, he contends that the court erred in finding that his argument that Dreamworks acted in bad faith was not objectively reasonable because no standard exists to determine whether a plaintiff acted in bad faith under 28 U.S.C. § 1446(c).

Generally, defendants may remove to federal district court any civil action brought in state court over which the federal courts would have original jurisdiction. 28 U.S.C. § 1441(a). An action may not be removed based on diversity of citizenship more than one year after the action is commenced in state court, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

After a defendant files a notice of removal in the district court, a plaintiff who objects to the removal "on the basis of any defect other than lack of subject matter jurisdiction" may, within 30 days after the filing of the notice, move to remand the case to state court. 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). We review the district court's decision awarding such

---

however, that we had jurisdiction to review the district court's award of attorney's fees and costs, as the parties agreed, notwithstanding our lack of jurisdiction over the remand order.

4

fees for abuse of discretion. *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996); *Black v. Mantei & Assocs.*, 145 F.4th 528, 534 (4th Cir. 2025).

The Supreme Court has addressed the standard for awarding attorney's fees when a case is remanded to state court, holding that "Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 138 (2005). The Court explained that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141. "District courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case[;] . . . however, [the court's] reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447(c)," which include "reduc[ing] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Id.* at 140-41 (citation modified).

Klein maintains that Dreamworks acted in bad faith by waiting nearly a year after filing its complaint to raise its treble damages and attorney's fees claims, and by not amending its complaint until after the one-year removal deadline had expired. However, our review of the record belies Klein's argument that Dreamworks acted in bad faith. Dreamworks moved to amend its complaint 10 months after filing it, and approximately two months before the one-year statutory deadline expired. Moreover, as the district court found, Dreamworks's calendaring of the hearing on its motion to amend its complaint with

5

enough time for a ruling to be made within the one-year deadline undercuts Klein's bare assertions of deliberate forum manipulation. Because Klein provided no evidence supporting his claim of bad faith, we discern no error in the district court's finding that his argument lacked a factual basis and that Klein, as a result, lacked an objectively reasonable basis for seeking removal. Accordingly, we conclude that the district court did not abuse its discretion by awarding Dreamworks attorney's fees pursuant to § 1447(c).

Next, Klein argues that the district court violated his due process rights by basing its decision to grant the motion for remand on a new argument Dreamworks raised in its reply to his opposition to the motion and by not allowing Klein an opportunity to respond to that argument. Klein asserts that in Dreamworks's reply, it asserted for the first time that Klein's removal was untimely not because of Dreamworks's bad faith, but because Klein's counsel scheduled the hearing for the motion to amend the complaint outside of the one-year statutory deadline. Contrary to Klein's assertions, Dreamworks did not assert a new argument in its reply, but merely replied to the allegations of bad faith Klein made in his response in opposition to Dreamworks's motion for remand. Further, as the district court noted in its order granting Dreamwork's application for attorney's fees, Klein did not move for reconsideration of the court's initial order granting Dreamworks attorney's fees— even though he could have availed himself of this opportunity. Accordingly, we conclude that the district court did not violate Klein's due process rights.

Lastly, Klein argues that the district court's attorney's fee award was excessive. He contends that Dreamworks included in its application for attorney's fees hours that were

6

not incurred as a result of removal and that Dreamworks spent an unreasonable amount of time preparing both its motion to remand and its attorney's fee application.

We review an award of attorney's fees for abuse of discretion. *Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y.*, 822 F.3d 739, 754 (4th Cir. 2016). "Under this standard, reversal is appropriate only if the district court was clearly wrong or has committed an error of law." *Id.* (citation modified); *see Grissom v. Mills Corp.*, 549 F.3d 313, 320, 322 (4th Cir. 2008) (recognizing that review of fee award is "extremely deferential" in light of district court's "close and intimate knowledge of the efforts expended and the value of the services rendered" (citation modified)).

We have outlined a three-step process for arriving at a reasonable attorney's fee award. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). "First, the court must determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Id.* (citation modified). "To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)." *Id.* Second, "the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Id.* (citation modified). Third, "the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* (citation modified).

Here, Klein fails to demonstrate that the attorney's fee award was excessive. As the court in which the case was litigated, the district court was in the best position to determine whether the work billed by Dreamworks's counsel was justified and whether the time

7

incurred was excessive. *See Grissom*, 549 F.3d at 320, 322; *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (holding district court has discretion in determining attorney's fees because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters"). The district court properly subtracted from the lodestar calculation the hours Dreamworks's counsel spent preparing a response to Klein's motion to dismiss because those hours were not incurred as a result of removal. Further, the court used the lodestar method to determine the appropriate fee and largely relied on the declarations of two independent North Carolina attorneys who were familiar with Dreamworks's counsel's professional experience to determine that the hours incurred and hourly rate were reasonable. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 244-45 (4th Cir. 2009) (finding local prevailing market rate should guide fee inquiry and affidavits from "local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community" are sufficient evidence to verify prevailing market rates). We therefore conclude that Klein's challenges to the award amount on appeal fail to establish that "the district court was clearly wrong or . . . committed an error of law." *Rustam Guiv Found. of N.Y.*, 822 F.3d at 754 (citation modified).

Accordingly, we affirm the district court's award of attorney's fees. We deny Dreamworks's request for sanctions under Rule 38. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

8